# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|                              |   |                        |
|------------------------------|---|------------------------|
| **PRECELL WHITAKER,**        | : |                        |
| **Plaintiff,**               | : |                        |
|                              | : |                        |
| **v.**                       | : | **No. 3:19-cv-1355 (VLB)** |
|                              | : |                        |
| **McDOUGALL CC, et al.,**    | : |                        |
| **Defendants.**              | : |                        |
|                              | : |                        |

## ORDER

Pursuant to the Court's October 15, 2019 Order, plaintiff, Precell Whitaker, currently confined at Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, has filed a second amended complaint *pro se* under 42 U.S.C. § 1983.  Plaintiff names eight defendants in the second amended complaint: MacDougall CC, John Doe Population Management, Captain Taylor, Counselor Supervisor Carbone, Correctional Counselor Crespo, Lieutenant Cuzio, Social Worker Lisa Simo-Kenzer, and Dr. Martin Cartwright.  Plaintiff seeks damages from the defendants for violation of his rights under the Eighth Amendment.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *Id.*  This requirement applies both when plaintiff pays the filing fee and when she proceeds *in forma pauperis*.  *See Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam).

In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  Nevertheless, it is well-established that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

## I. Allegations

While he was confined at MacDougall CC, plaintiff was removed from the non-transfer list without notification.  Doc. #20 ¶ 1.   Plaintiff received third party results indicating a false positive opiod screening, received an extensive stay in segregation, and submitted an inmate grievance, lost work, was subjected to extended jail time, and received many disciplinary reports since June 2018.  *Id.*

After he was transferred, plaintiff was pepper-sprayed.  *Id. ¶ 2.* Correctional policy requires that a warning be given before a chemical agent is

deployed. *Id.* No warning was given to plaintiff at Cheshire Correctional Institution on August 8, 2018 at 7:50 p.m. in the East Block 2 dayroom or in April 28, 2019 at 9:20 a.m. in the North Block 2 dayroom. *Id.* On the second date, plaintiff had complied with staff orders to retreat from the ongoing situation and had his hands raised in a submitting posture. *Id.*

Since his transfer, the Department of Correction has disrupted plaintiff's contact with "anyone of legal stand." *Id.* ¶ 3. Plaintiff was not afforded legal calls with Inmate Legal Aid on April 3, 2019, and March 20, 2019. *Id.* When the April 3, 2019 call was not rescheduled, plaintiff sent a letter on April 8, 2019. *Id.* He did not receive the response dated April 12, 2019. *Id.* After several ignored requests for a legal call, plaintiff was able to speak with Inmate Legal Aid on April 25, 2019. *Id.* On May 1, 2019, plaintiff received correspondence dated April 17, 2019. *Id.* Captain Taylor delivers legal mail, and Counselor Crespo arranges legal calls. *Id.*

## II. Discussion

In the Order dismissing the amended complaint, the Court noted that plaintiff failed to allege facts to support claims for retaliation, use of excessive force, deliberate indifference to medical needs, or denial of access to the courts. The Court afforded plaintiff an opportunity to file a second amended complaint to allege facts to correct the various deficiencies identified with regard to each of his claims. Liberally construing the allegations, the Court considers the second amended complaint to assert claims for improper or retaliatory transfer, use of excessive force, and denial of access to the courts.

The Court ordered that the Clerk send plaintiff an amended complaint form

with the prior Order. Doc. #18 at 7. In that form, plaintiff was specifically instructed to state who acted, what they did, when they did it, and how he was harmed. *See* Pro Se Prisoner Civil Rights Amended Complaint Form at 4, available at ctd.uscourts.gov. Plaintiff has not followed that instruction.

A.    Retaliation

In the amended complaint, plaintiff alleged that defendant Doe transferred him because he filed a grievance regarding a false positive drug test. He now alleges various happenings before his transfer, including, filing a grievance, the false positive test, time in segregation, multiple disciplinary reports, and loss of work.

As the court previously explained, to state a retaliation claim, plaintiff must allege facts showing "(1) that the speech or conduct at issue was protected. (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Burns v. Martuscello*, 890 F.3d 77, 84 (2d Cir. 2018) (internal quotation marks and citations omitted).

The Court acknowledged that filing grievances is protected activity. *See* Doc. #18 at 3 (citing *Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996)). The Court explained that a transfer is insufficient to constitute an adverse action unless there are aggravating factors or circumstances showing a deterrent effect on the inmate. *Id.* at 3-4. The Court dismissed the claim because plaintiff did not allege that the conditions at the new facility were significantly different from conditions at his original facility.

4

In the second amended complaint, plaintiff alleges only that on two occasions after his transfer he was sprayed with a chemical agent without warning. The two incidents were over eight months apart. Plaintiff has not alleged that the incidents had any deterrent effect on him. As plaintiff describes no other conditions at the new facility, he has not corrected the deficiencies in this claim.

In addition, there are no facts suggesting any causal connection between the grievance that allegedly led to the transfer and use of the chemical agent. The retaliation claim is dismissed for failure to allege facts supporting the second and third elements of the claim.

B.      Use of Excessive Force

In his amended complaint, plaintiff alleged that Lieutenant Cuzio was responsible for the use of a chemical agent against him without warning on August 8, 2018. He did not otherwise describe the situation or allege whether he suffered any injury other than the immediate discomfort resulting from being sprayed with the chemical agent. *See id.* at 4. The Court dismissed the claim because plaintiff failed to describe the circumstances relating to use of the chemical agent. *See Al-Bukhari v. Semple*, No. 16-cv-1428(SRU), 2017 WL 2125746, at *4 (D. Conn. May 16, 2017) (finding that prisoner stated Eighth Amendment excessive force claim because he alleged that officers, inter alia, "sprayed him with a harmful chemical agent, even though [he] had not been resisting their efforts to escort him out of the cell").

In the second amended complaint, plaintiff identifies no defendant

responsible for the use of force on August 8, 2018.  The Court informed plaintiff in the prior order that an amended complaint completely replaces the prior complaint and renders the prior complaint of no legal effect.   Doc. #18 at 3 (citing *Arce v. Walker*, 139 f.3d 329, 332 n.4 (2d Cir. 1998)).   Thus, the Court cannot consider the fact that plaintiff identified Lieutenant Cuzio in connection with the August 8, 2018 use of force.  Even if the Court could do so, however, plaintiff has not included any additional circumstances relating to this claim.  Thus, this claim is dismissed for the reasons stated in the prior Order.

Plaintiff includes a second use of chemical agent in April 2019 and alleges that he was compliant with orders and not resisting the officers.  However, he does not identify any defendant responsible for this use of force, which occurred over eight months after the first.  Plaintiff must allege sufficient facts to afford the defendants fair notice of the claims and the grounds upon which those claims are based. *See Twombly*, 550 U.S. at 555-56.  As plaintiff does not allege that any defendant was responsible for this second use of force, despite instructions in the amended complaint form directing him to do so, he has not complied with the requirement that he give the defendants fair notice of his claim.  The excessive force claims are dismissed.

C.    Access to Courts

Finally, in the amended complaint, plaintiff alleged that Captain Taylor, Counselor Supervisor Carbone, and Counselor Crespo disrupted "the legal process" during a three-month period.  The Court explained that, to state a claim for denial of access to the courts, he must demonstrate that the defendants acted

deliberately and maliciously and that he suffered an actual injury. *See* Doc. #18 at 6 (citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996)). To constitute an actual injury, the defendants' actions must have hindered his efforts to pursue a legal claim, prejudiced one of his existing actions, or otherwise actually interfered with his access to the courts. *See Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 2002).

Plaintiff no longer identifies the defendants who are involved in this claim. He describes several phone calls to a legal assistance provider that were denied and two letters that were delayed. He does not, however, identify any lawsuit he was unable to file or case that was dismissed as a result of these actions. Thus, even if he had identified the defendants involved, plaintiff still has not alleged facts suggesting that he suffered an actual injury to support a plausible claim for violation of his right of access to the courts.

## CONCLUSION

The Court identified deficiencies in the first amended complaint and explained what facts were lacking to state plausible claims. The Court also provided plaintiff an amended complaint form including simple directions about how to allege facts supporting a legal claim. As plaintiff has not followed these instructions, he fails to allege any plausible claims for relief. The second amended complaint is DISMISSED without prejudice to refiling pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff may move to reopen the case by filing a motion to re-open accompanied by a second amended complaint which complies with the instructions in the court's original initial review order.

SO ORDERED.

**Dated this  13th   day of November 2019 at Hartford, Connecticut.**

> **/s/ Vanessa L. Bryant**
> **Vanessa L. Bryant**
> **United States District Judge**